UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JAMES E. LUNDEEN, SR., | ) |
| Plaintiff, | ) ) ) |
| vs. | ) No. 1:14-cv-00547-SEB-MJD |
| NICHOLAS RHOAD Director of The Indiana Professional Licensing Agency, STEPHEN HUDDLESTON President, Medical Licensing Board of Indiana, AMBER SWARTZELL Deputy Attorney General, Office of the Attorney General of Indiana, FRANCES L. KELLY c/o National Chimney Sweep Guild, | ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

**ORDER ON PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT**

This matter comes before the Court on Plaintiff's Motion for Relief from Judgment Pursuant to Rule 60(b)(4). [Dkt. 19.] For the reasons stated below, the Court **DENIES** Plaintiff's motion.

**I.   Background**

On April 10, 2014, James Lundeen, Sr., ("Plaintiff") sued Nicholas Rhoad, Stephen Huddleston, Amber Swartzell, and Frances Kelly ("Defendants"), alleging that the Indiana Professional Licensing Agency ("IPLA") violated state and federal statutes by suspending his Indiana medical license. [*See* Dkt. 1; *see also* Dkt. 20 at 2.]

Plaintiff's claim arises from a 2012 disciplinary action in which the Medical Licensing Board of Indiana ("MLB") recommended that Lundeen's medical license be suspended. [Dkt. 20

1

at 2.] The Executive Director of the IPLA—Defendant Frances Kelly—then adopted this recommendation and ordered Lundeen's license suspended on May 2, 2012. [*Id.*]

Plaintiff claims that the complaint associated with his suspension consisted of "a single count that Lundeen allegedly has had disciplinary action taken [against him] in Ohio," and that the complaint included only an uncertified—rather than a certified—copy of the order from the Ohio disciplinary action. [*Id.* at 2-3.] Plaintiff contends that the IPLA's reliance on an uncertified copy of the order violates state and federal law. He notes that under Indiana law, a "copy of any foreign judgment authenticated in accordance with 28 U.S.C. 1963" shall be treated "in the same manner as a judgment of an Indiana court." Ind. Code § 34-54-11-1. The relevant U.S. Code provision, in turn, states that a foreign judgment "may be registered by filing a *certified* copy of the judgment in any other district." 28 U.S.C. § 1963 (emphasis added). Plaintiff also cites section 25-1-9-4 of the Indiana Code, which governs sanctions for medical professionals, and which provides that a "*certified* copy of the record of disciplinary action is conclusive evidence of [a foreign] jurisdiction's disciplinary action." Ind. Code § 25-1-9-4(c) (emphasis added). Finally, he notes that under federal law, the "records and judicial proceedings of any court" of any state "shall have the same full faith and credit in every court within" the U.S., so long as they include an "attestation of the clerk and . . . a certificate of a judge of the court that the said attestation is in the proper form." 28 U.S.C. § 1738.

Based on these statutory provisions, Plaintiff contends that before suspending his license, the IPLA was required to obtain a certified copy of the record of the Ohio disciplinary action. [*See* Dkt. 20 at 1-2.] He also contends that certification is "*mandatory* and *jurisdictional* as to acquiring subject matter jurisdiction," and that reliance on the uncertified order violates the Full Faith and Credit Clause of the U.S. Constitution. [*Id.* at 1.] Plaintiff has now filed the current

2

Motion for Relief from Judgment Pursuant to Rule 60(b)(4), in which he asks for relief from the IPLA's May 2, 2012 order suspending his license. [Dkt. 19 at 1.]

## II. Discussion

Under Federal Rule of Civil Procedure 60(b), a court may "relieve a party or its legal representative from a final judgment, order, or proceeding" if, among other reasons, "the judgment is void." Fed. R. Civ. P. 60(b)(4). Plaintiff in this case contends that "a judgment is void" for the purposes of Rule 60 "if the court that rendered the decision lacked jurisdiction over the subject matter or parties." [Dkt. 20 at 6.] He then argues that certification of a foreign disciplinary order is a jurisdictional requirement, such that the IPLA's failure to obtain a certified copy of the Ohio disciplinary order in this case deprived it of subject matter jurisdiction to issue its order. [*Id.* at 10.] He thus concludes that IPLA's judgment is void, such that he is entitled to relief under Rule 60. [*Id.* at 11.]

Plaintiff's argument falters before it even begins. Rule 60 allows a court to relieve a party from a "final judgment, order, or proceeding" if "the *judgment* is void." Fed. R. Civ. P. 60(b)(4) (emphasis added). Rule 54 defines the term "judgment" as "a decree and any order from which an appeal lies." Fed. R. Civ. P. 54(a). The Courts of Appeals, in turn, have jurisdiction over all final decisions and certain interlocutory orders of U.S. district courts. *See* 28 U.S.C. §§ 1291-92.[1] Hence, "a judgment is a final decision *of the district court*." *Sunrise Opportunities, Inc. v. Regier*, No. 05 C 2825, 2006 WL 581150, at *3 (N.D. Ill. Mar. 7, 2006) (emphasis added).

In this case, Plaintiff seeks relief from an order of the IPLA, which he describes as "an umbrella agency over all or most Indiana professional licensing agencies." [Dkt. 20 at 2.] Thus, Plaintiff does not seek relief from any decision or order from a U.S. district court; instead, he

---

[1] Certain exceptions to this rule exist. The Court of Appeals for the Federal Circuit, for instance, may review certain agency actions. 28 U.S.C. § 1296. None of these exceptions, however, is relevant to this case.

3

seeks relief from the order of a state administrative agency. The decision he seeks to set aside therefore is not a "judgment" for the purposes of Rule 60(b), and the Court cannot provide Plaintiff the relief he seeks.

In reply, Plaintiff contends without support that "[a]ny judgment rendered by any agency or court, whether state or federal, which is defective under the U.S. Constitution and/or federal statutes is null, void, and is applicable to relief from judgment pursuant to Rule 60(b)(4) and/or the inherent common law power of the District Court." [Dkt. 37 at 4.] This is simply not true: "Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010). Thus, rather than giving Rule 60(b)(4) the expansive scope that Plaintiff proposes, the Supreme Court has narrowly limited the rule to "rare" situations premised only on "certain" defects. This Court therefore cannot and will not expand Rule 60(b)(4) to the allegedly defective decision of the state licensing agency.[2]

In addition, courts have refused to apply Rule 60(b) to both administrative decisions and state decisions. The Rule, for instance, "appears not to apply to final orders of administrative agencies." *S.E.C. v. Gellas*, 1 F. Supp. 2d 333, 335 (S.D.N.Y. 1998) *aff'd*, 182 F.3d 901 (2d Cir. 1999); *see also Wapnick v. United States*, No. 95 CV 4844 (CBA), 1996 WL 636106, at *3 (E.D.N.Y. July 31, 1996) *aff'd*, 112 F.3d 74 (2d Cir. 1997) ("[Rule 60], by its very terms, applies to judgments and orders in civil cases before federal district courts. It does not apply to

---

[2] *Espinosa* refers to Rule 60(b)(4), but Plaintiff's contention that the Court may use its "inherent common law power" to void the IPLA order fares little better. This is because "[t]here are no separate inherent powers that are more expansive than those provided for in Rule 60(b)." *United States v. Krilich*, 152 F. Supp. 2d 983, 990 (N.D. Ill. 2001) *aff'd*, 303 F.3d 784 (7th Cir. 2002); *see also Glass, Molders, Pottery, Plastics & Allied Workers Int'l Union, AFL-CIO, CLC, Local 182B v. Excelsior Foundry Co.*, 56 F.3d 844, 847 (7th Cir. 1995) (implying that inherent power to reconsider judgment has been merged with Rule 60). Hence, if Rule 60 is not broad enough to reach the IPLA's decision, the Court's "inherent common law power" also falls short of the IPLA's decision.

administrative actions taken by agencies of the federal government.") Similarly, "Rule 60(b) . . . is not the appropriate mechanism for challenging the validity of a state court's judgment." *de Mol v. Grand Canyon title Agency*, No. CV-10-1895-PHX-DGC, 2010 WL 4269534, at *1 (D. Ariz. Oct. 25, 2010) (citation omitted). Instead, "Rule 60(b) applies only to federal court judgments and not to state court proceedings." *McHenry v. Colgate-Palmolive Co.*, No. 08-CV-2622-KHV, 2009 WL 3414833, at *6 (D. Kan. Oct. 19, 2009).

In light of these limitations, this Court will not apply Rule 60(b)(4) to grant relief from a state administrative proceeding such as that of the IPLA. Plaintiff's motion for such relief is therefore **DENIED**.

### III. Conclusion

For the reasons set forth above, the Court **DENIES** Motion for Relief from Judgment Pursuant to Rule 60(b)(4). [Dkt. 19.]

Date: 12/30/2014

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

JAMES E. LUNDEEN, SR.
P.O. Box 18452
Cleveland Heights, OH 44118-0452

Dino L. Pollock
INDIANA ATTORNEY GENERAL
dino.pollock@atg.in.gov

Rebecca A. Brelage
INDIANA ATTORNEY GENERAL
rebecca.brelage@atg.in.gov

5