UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JAMES E. LUNDEEN, SR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) 1:14-cv-00547-SEB-MJD |
| vs. | ) |
| | ) |
| NICHOLAS RHOAD, | ) |
| *et al.* | ) |
| Defendants. | ) |

### Order Granting Defendants' Motion to Dismiss

This cause is before the Court on Defendants' Motion to Dismiss for Failure to State a Claim [Docket No. 39], filed on October 22, 2014 pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). For the reasons set forth below, the motion is GRANTED.

### Background

Because we do not reach the merits of Plaintiff's allegations, we present only a brief background summary of this matter and its procedural history.

Plaintiff James E. Lundeen, Sr. is a medical doctor, and Defendants are officers of Indiana state agencies. According to the Complaint, Defendant Nicholas Rhoad is the Executive Director of the Indiana Professional Licensing Agency, Defendant Stephen Huddleston is the President of the Medical Licensing Board of Indiana, and Defendant Amber Swartzell is an Indiana Deputy Attorney General.[1] Compl. ¶¶ 2.1–2.3.

Plaintiff was originally licensed to practice medicine in Ohio, but the Ohio State Medical Board summarily and temporarily suspended his license on May 11, 2011. Pl.'s Ex. AA, BB. On

---

[1] A fourth Defendant, Frances L. Kelly, is alleged to have acted on behalf of Defendant Huddleston in her capacity as the Executive Director of the Indiana Medical Licensing Board. Kelly is sued in her personal capacity only; the other three Defendants are sued in their personal and official capacities. Compl. ¶¶ 2.1–2.4.

1

December 14, 2011, the Ohio board permanently revoked the license, determining that Plaintiff's "continued practice presents a danger of immediate and serious harm to the public." *See* Pl.'s Ex. G. The board based its decision on the findings of a state hearing examiner that Plaintiff had violated medical ethics and compromised patient safety by over-prescribing medications, particularly narcotics. *Id.* Plaintiff filed suit in Ohio state court, which ultimately affirmed the Ohio board's decision. *See Lundeen v. State Med. Bd. of Ohio*, No. 11CV-16295, Decision and Judgment Entry (Franklin Cnty. Ct. of Common Pleas, June 28, 2012), *aff'd,* 2013 WL 209136 (Ohio Ct. App. Jan. 17, 2013).

After the temporary Ohio license suspension but before the permanent revocation, Plaintiff applied for and received an Indiana medical license, which was issued on September 21, 2011. On February 10, 2012, following notice and a pre-deprivation hearing and based on the Ohio board's findings, the Indiana Medical Licensing Board ("the Board") ordered the emergency summary suspension of Plaintiff's medical license in Cause No. 2012 MLB 0005, pursuant to Indiana Code § 25-1-9-10.[2] Plaintiff challenged this decision in Indiana court, but the court dismissed his suit for lack of subject-matter jurisdiction. *See Lundeen v. Rhoad*, Cause No. 1:12-cv-696-DKL-SEB, 991 F. Supp. 2d 1008, 1012 (S.D. Ind. 2014).[3] The Indiana Attorney General then filed a complaint seeking the permanent revocation of Plaintiff's license, asserting—again, based on the Ohio's board's findings and revocation order—that Plaintiff's misconduct violated Indiana Code § 25-1-9-4(a)(7). *Id.* After a hearing, the Board on May 2, 2012 found Plaintiff to have violated the statute and placed his medical license on indefinite

---

[2] That provision authorizes the Board to "summarily suspend a practitioner's license for ninety (90) days before a final adjudication or during the appeals process if the board finds that a practitioner represents a clear and immediate danger to the public health and safety if the practitioner is allowed to continue to practice." Ind. Code § 25-1-9-10(a).
[3] Magistrate Judge LaRue's January 7, 2014 Entry dismissing Plaintiff's nearly-identical complaint in an earlier iteration of this action provides a useful summary of the case's procedural history.

suspension with the condition that he not petition for reinstatement until he submits proof that he holds an active medical license in Ohio. *Id.*

On May 22, 2012, Plaintiff filed suit in the Southern District of Indiana ["the 2012 suit"] against Defendant Rhoad in his official capacity, seeking redress under 42 U.S.C. § 1983 for deprivations of his rights under the First, Fifth, Eighth, and Fourteenth Amendments. *See Lundeen v. Rhoad,* Cause No. 1:12-cv-696-DKL-SEB, Docket No. 52 (Am. Compl.). Magistrate Judge LaRue dismissed Plaintiff's Amended Complaint on January 7, 2014, ruling that his claims were barred by the state's sovereign immunity under the Eleventh Amendment or failed to state a claim for relief under the due process clause. 991 F. Supp. 2d at 1018–1021. Because Plaintiff was (as he remains) *pro se*, Magistrate Judge LaRue dismissed without prejudice, allowing Plaintiff an additional opportunity to cure the defects of his previous complaints.

Plaintiff filed his proposed Second Amended Complaint in the 2012 suit on January 24, 2014; in it, he added four new counts, dropped his Eighth Amendment claim, and added three new Defendants: Stephen Huddleston, Amber Swartzell, and Frances Kelly. Cause No. 1:12-cv-696-DKL-SEB, Docket No. 77-3. In all relevant respects, that complaint is the same as the one now before us—in fact, save for a few non-substantive changes and the addition of several new prefatory sentences, the present Complaint is a word-for-word copy of that document. *Compare* Docket No. 1 *with* Cause No. 1:12-cv-696-DKL-SEB, Docket No. 77-3.[4] In an Entry dated June 9, 2014, Magistrate Judge LaRue dismissed the proposed Second Amended Complaint with prejudice. Reasoning that "Mr. Lundeen has had ample opportunity to plead all claims he has

---

[4] As Magistrate Judge LaRue herself noted, the only change between the two complaints that is not purely cosmetic is that the present Complaint seeks damages from all four Defendants in their personal capacities, while the proposed second amended complaint in Plaintiff's 2012 suit sought damages only from Huddleston, Swartzell, and Kelly. *See* Cause No. 1:12-cv-696-DKL-SEB, Docket No. 80 at 3 n.2. As we discuss below, however, the causes of action asserted by the two complaints are identical and *res judicata* applies; since all of the claims are precluded, the change in the request for damages predicated upon those claims is irrelevant.

against all defendants that he desires in this Cause," and that he had pointed to "no new evidence that explains or justifies his failure to plead the new claims or join the new defendants before now," Judge LaRue denied leave to add new claims and defendants. Cause No. 1:12-cv-696-DKL-SEB, Docket No. 80 at 2–3. With regard to the remaining counts, Judge LaRue found that Plaintiff had failed to correct the deficiencies in his pleading and had otherwise failed to state a claim on which relief could be granted as to any of the claims. The court therefore dismissed the 2012 suit with prejudice, and accordingly entered judgment against Plaintiff on June 9, 2014. *Id.* at Docket Nos. 80, 82.

While his motion for leave to file a second amended complaint in that action was still pending, Plaintiff filed the present suit—using a near-carbon copy of the complaint pending before Judge LaRue—on April 10, 2014. Defendants filed their motion to dismiss on October 22, 2014. Docket No. 39.

## Legal Analysis

**1. Standard under Rule 12(b)(1)**

The Federal Rules of Civil Procedure command that courts dismiss any suit over which they lack subject matter jurisdiction—whether acting on the motion of a party or *sua sponte*. *See* Fed. R. Civ. Pro. 12(b)(1). In ruling on a motion to dismiss under Rule 12(b)(1), we "must accept the complaint's well-pleaded factual allegations as true and draw reasonable inferences from those allegations in the plaintiff's favor." *Franzoni v. Hartmax Corp.*, 300 F.3d 767, 771 (7th Cir. 2002); *Transit Express, Inc. v. Ettinger,* 246 F.3d 1018, 1023 (7th Cir. 2001). We may, however, "properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter

jurisdiction exists." *See Capitol Leasing Co. v. F.D.I.C.*, 999 F.2d 188, 191 (7th Cir. 1993); *Estate of Eiteljorg ex rel. Eiteljorg v. Eiteljorg,* 813 F. Supp. 2d 1069, 1074 (S.D. Ind. 2011).

**2. Standard under Rule 12(b)(6) and Rule 12(c)**

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of claims for "failure to state a claim upon which relief may be granted"; similarly, Rule 12(c) authorizes motions for judgment on the pleadings.  Fed. R. Civ. P. 12(b)(6), 12(c).[5] In determining the sufficiency of a claim, the court considers all allegations in the complaint to be true and draws such reasonable inferences as required in the plaintiff's favor. *Jacobs v. City of Chi.,* 215 F.3d 758, 765 (7th Cir. 2000). Federal Rule of Civil Procedure 8(a) applies, with several enumerated exceptions, to all civil claims, and it establishes a liberal pleading regime in which a plaintiff must provide only a "short and plain statement of the claim showing that [he] is entitled to relief," Fed. R. Civ. Pro. 8(a)(2); this reflects the modern policy judgment that claims should be "determined on their merits rather than through missteps in pleading." *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 779 (7th Cir. 2007) (citing 2 James W. Moore, et al., *Moore's Federal Practice* § 8.04 (3d ed. 2006)). A pleading satisfies the core requirement of fairness to the defendant so long as it provides "enough detail to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008).

In its decisions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the United States Supreme Court introduced a more stringent formulation of the pleading requirements under Rule 8. In addition to providing fair notice to a defendant, the Court clarified that a complaint must "contain sufficient factual matter, accepted

---

[5] Defendants have framed their motion for dismissal on the basis of *res judicata* as a Rule 12(b)(6) motion, but, as we explain below, the proper vehicle is Rule 12(c) since *res judicata* is an affirmative defense that must be (and here has been) pled.

as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Plausibility requires more than labels and conclusions, and a "formulaic recitation of the elements of a cause of action will not do." *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007) (quoting *Twombly,* 550 U.S. at 555). Instead, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id.* The plausibility of a complaint depends upon the context in which the allegations are situated, and turns on more than the pleadings' level of factual specificity; the same factually sparse pleading could be fantastic and unrealistic in one setting and entirely plausible in another. *See In re Pressure Sensitive Labelstock Antitrust Litig.*, 566 F. Supp. 2d 363, 370 (M.D. Pa. 2008).

Although *Twombly* and *Iqbal* represent a new gloss on the standards governing the sufficiency of pleadings, they do not overturn the fundamental principle of liberality embodied in Rule 8. As this Court has noted, "notice pleading is still all that is required, and 'a plaintiff still must provide only enough detail to give the defendant fair notice of what the claim is and the grounds upon which it rests, and, through his allegations, show that it is plausible, rather than merely speculative, that he is entitled to relief.'" *United States v. City of Evansville*, 2011 WL 52467, at *1 (S.D. Ind. Jan. 8, 2011) (quoting *Tamayo*, 526 F.3d at 1083). On a motion to dismiss, "the plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint." *Sanjuan v. Am. Bd. of Psychiatry & Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994).

An additional consideration informs our standard of review here. Because Plaintiff filed his complaint without the assistance of counsel, we construe its contents with still greater

6

liberality than that normally afforded to plaintiffs. *See Wynn v. Southward,* 251 F.3d 588, 592 (7th Cir. 2001) (citing *Hudson v. McHugh,* 148 F.3d 859, 864 (7th Cir. 1998)).

## Discussion

Defendants seek dismissal on a number of grounds, but we need only address one. Because *res judicata* bars Plaintiff from re-litigating the same claims, against the same Defendants, that have already been dismissed by a court of concurrent jurisdiction, the Complaint fails to state a claim and must be dismissed.[6] *See Muhammad v. Oliver,* 547 F.3d 874, 878 (7th Cir. 2008) (noting that *res judicata* is an affirmative defense and a proper basis for a motion to dismiss).[7]

The judicial doctrine of *res judicata* derives from the respect that courts of concurrent jurisdiction must pay to each other's final judgments, and it prohibits parties from "relitigating issues that were or could have been raised" in a previous action that was resolved on its merits. *See Highway J Citizens Grp. v. U.S. Dep't of Transp.*, 456 F.3d 734, 741 (7th Cir. 2006). Three factors must be present for *res judicata* to apply: "(1) an identity of the parties or their privies; (2) an identity of the cause of action; and (3) a final judgment on the merits in the earlier action." *Johnson v. Cypress Hill,* 641 F.3d 867, 874 (7th Cir. 2011) (quoting *Prochotsky v. Baker &*

---

[6] Defendants argue that we lack subject matter jurisdiction over all claims against the state Defendants in their official capacities because those claims are barred by sovereign immunity under the Eleventh Amendment. Defs.' Br. 7–8. We agree with Defendants—and with Magistrate Judge LaRue, who addressed the same question in the 2012 suit—that sovereign immunity bars suit against these state agency officials and that the exception recognized in *Ex Parte Young*, 209 U.S. 123 (1908), for actions alleging ongoing violation of federal law and seeking prospective relief, does not apply. *See* Cause No. 1:12-cv-696-DKL-SEB, Docket No. 75 at 11–16. *Cf. Ameritech Corp. v. McCann,* 297 F.3d 582, 587 (7th Cir. 2002) (citing *Verizon Md., Inc. v. Public Serv. Comm'n of Md.*, 535 U.S. 635 (2002)). As a formal matter, then, only the claims against the Defendants in their personal capacities are subject to the Court's jurisdiction and susceptible to the *res judicata* analysis conducted below.

[7] Technically, because *res judicata* is an affirmative defense, Defendants should have presented the defense under a Rule 12(c) motion for judgment on the pleadings. *See Forty One News, Inc. v. County of Lake,* 491 F.3d 662, 664 (7th Cir. 2007). Because Defendants' Answers (filed separately by the state Defendants and by Defendant Kelly) both assert *res judicata* as an affirmative defense, Docket No. 12 at 2; Docket No. 30 at 2, we find the error harmless and construe the motion as arising under Rule 12(c) rather than 12(b)(6). *Buchanan-Moore v. County of Milwaukee,* 570 F.3d 824, 827 (7th Cir. 2009) (noting that the standard of review for motions to dismiss under Rules 12(b)(6) and 12(c) is identical).

*McKenzie,* 966 F.2d 333, 334 (7th Cir. 1992)). A "cause of action," in this sense, refers not only to a legal theory, but to a "single core of operative facts which give rise to a remedy." *Id.* (quoting *Golden v. Barenborg,* 53 F.3d 866, 869 (7th Cir. 1995)).

All three factors are present here. The Second Amended Complaint in the 2012 suit named the same parties as does the Complaint before us: James Lundeen as the plaintiff, and Nicholas Rhoad, Stephen Huddleston, Amber Swartzell, and Frances Kelly as the defendants. *Compare* Docket No. 1 *with* Cause No. 1:12-cv-696-DKL-SEB, Docket No. 77-3. As we have noted, the factual allegations in the present Complaint are a line-by-line facsimile[8] of those asserted in complaint dismissed by Judge LaRue; there is thus no doubt that the two actions arise from a "single core of operative facts." *See Johnson,* 641 F.3d at 874. Lastly, Judge LaRue resolved Plaintiff's 2012 suit on the merits by dismissing it with prejudice. *See Phillips v. Shannon,* 445 F.2d 460, 462 (7th Cir. 1971) ("[A] dismissal with prejudice is a final judgment on the merits which will bar a second suit between the same parties for the same cause of action.") (quoting *Esquire, Inc. v. Varga Enters., Inc.*, 185 F.2d 14, 17 (7th Cir. 1950)). Although Judge LaRue did not reach the merits of several of the claims as well as certain defendants that Plaintiff proposed to add in his Second Amended Complaint, she grounded that decision in the fact that Plaintiff had had ample opportunity to make any such alterations and had failed to do so. Cause No. 1:12-cv-696-DKL-SEB, Docket No. 80 at 2–3. Because prior judgment can "foreclos[e] litigation of a matter that never has been litigated, because of a determination that it should have been advanced in an earlier suit," *Johnson,* 641 F.3d at 874 (quoting *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 77 n.1 (1984)), Plaintiff is now precluded from asserting even

---

[8] Other than the current Complaint's added prefatory language, even cosmetic alterations between the two documents are few: paragraphs 6.13, 6.14, and 6.15 are altered slightly, primarily to change verb tense. The frequency of the current Complaint's citations to the wrong docket is at once irritating and indicative of the extent to which the two documents are mirror images.

those claims that were not enunciated in the first versions of his 2012 suit's complaints. *See Zurich Capital Markets Inc. v. Coglianese,* 383 F. Supp. 2d 1041, 1047 (N.D. Ill. 2005) (holding that, where two actions sprang from the same body of facts, *res judicata* applied both to claims asserted in the first suit and those raised newly in the second suit). *See also Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 913–914 (7th Cir. 1993) ("The [res judicata] inquiry, focusing on the facts of a situation, is intended to discover whether the plaintiff could have raised the issue in the first suit."). Plaintiff's present complaint contains no factual allegations, and advances no legal theories, not already addressed by a court of concurrent jurisdiction—in fact, by this very Court. It is thus barred in its entirety by *res judicata.*

In his Response brief, Plaintiff devotes the majority of his discussion to the merits of his claims and to various allegations of "dilatory tactics" and procedural irregularities on the parts of Defendants.[9] He touches only briefly on *res judicata*, and in doing so he misunderstands the nature of the issue. He first observes, correctly, that after this suit was filed, Magistrate Judge LaRue denied Defendants' motion to consolidate it into the then-still-pending 2012 suit. He then states:

> The prior case was dismissed with prejudice *after* Lundeen filed the current action. The conclusion of one action when there is parallel or concurrent litigation has no bearing on the status or outcome of the other action. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005). The decision in *Exxon* examined and clarified the proper application of *Rooker-Feldman* when there is parallel state and federal litigation and where the state action concludes to the detriment of the federal plaintiff. As to two federal cases in parallel or concurrent litigation, the

---

[9] The preponderance of Plaintiff's allegations of dilatory conduct are addressed in Magistrate Judge Dinsmore's December 9, 2014 Order denying Plaintiff's Motion for Entry of Default, Motion to Strike Defendant Kelly's Answer for failure to seek leave, and two other motions to strike. Docket No. 44. Plaintiff also appears to argue that Defendant's motion to dismiss is untimely. It is true that, at a September 16, 2014 initial pretrial conference held before Magistrate Judge Dinsmore, Defendants represented that they would file their motion to dismiss within 30 days; they ultimately missed that estimate by six days, filing the motion on October 22, 2014. *See* Docket No. 31, Minute Order. Because the timing of the motion does not violate an express order of the Court or any of the federal or local rules of procedure, however, we would be disinclined to strike the motion, even if Plaintiff had moved us to do so.

>result should be identical. Moreover, there is no comity issue between two federal actions to consider.

Pl.'s Resp. 9. Plaintiff has wrongfully conflated *res judicata* with the *Rooker-Feldman* doctrine, under which federal courts abstain from entertaining causes of action that would involve the federal courts' review and rejection of existing state-court judgments. *See Lance v. Dennis,* 546 U.S. 459, 463–465 (2006); *Kelley v. Med-1 Solutions LLC*, 548 F.3d 600, 603 (7th Cir. 2008). While *Rooker-Feldman* abstention applies only when a state-court judgment predates a federal filing, no such prerequisite applies to *res judicata*—a doctrine animated by respect for the preclusive effects of concurrent courts' final judgments rather than the interests of state-federal comity. Moreover, Plaintiff misconstrues Judge LaRue's denial of the consolidation motion in the 2012 suit. She summarily denied that motion as *moot* in light of her ruling that Plaintiff's Second Amended Complaint in that suit—a carbon copy of which is now before us—failed to state a claim upon which relief could be granted. *See* Cause No. 1:12-cv-696-DKL-SEB, Docket No. 81. In light of that ruling, which concluded that all of Plaintiff's claims were either meritless or untimely brought, it would be nonsensical to infer from Judge LaRue any intention to preserve the very same roster of claims for future adjudication by denying the motion to consolidate. *Cf. Bay State HMO Mgmt., Inc. v. Tingley Sys., Inc.*, 181 F.3d 174, 179–181 (1st Cir. 1999) (noting that, under certain circumstances, the failure to consolidate simultaneously-pending related actions weighs against a finding that a judgment in one precludes consideration of the other). Indeed, in her dismissal order, Judge LaRue recognized the possible *res judicata* effect of her ruling on this near-identical complaint, reserving the issue for this Court's resolution. *See* Cause No. 1:12-cv-696-DKL-SEB, Docket No. 80 at 3 n.2. To us, that resolution is straightforward.

Defendants' Motion to Dismiss [Docket No. 39] is accordingly GRANTED, and this action is DISMISSED WITH PREJUDICE. Judgment shall enter in favor of Defendants.

The following pending motions are DENIED as moot: Plaintiff's Motion for Reconsideration of the Magistrate Judge's Order of December 30, 2014 [Docket No. 46]; Plaintiff's Motion for Preliminary Injunction [Docket No. 54]; Plaintiff's Motion for an Order to Permanently Preclude the Enforcement of and the Effects of the December 14, 2011 Order [Docket No. 60]; Defendants' Motion to Strike [Docket No. 61]; Plaintiff's Motion to Strike [Docket No. 64]; Plaintiff's Motion for Equitable Relief [Docket No. 66]; Plaintiff's Motion to Compel [Docket No. 69]; Defendants' Motion to Stay Plaintiff's Motion to Compel [Docket No. 71]; Plaintiff's Motion for Order for a Status Hearing [Docket No. 74]; Plaintiff's Motion for Partial Summary Judgment [Docket No. 75]; and Defendants' Motion to Stay Proceedings [Docket No. 79].

IT IS SO ORDERED.

Date: _____07/08/2015_____          _____
                                         SARAH EVANS BARKER, JUDGE
                                         United States District Court
                                         Southern District of Indiana

Distribution:

JAMES E. LUNDEEN, SR.
P.O. Box 18452
Cleveland Heights, OH 44118-0452

Rebecca A. Brelage
INDIANA ATTORNEY GENERAL
rebecca.brelage@atg.in.gov